UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAN D. WADE,

    Plaintiff,

v.

STATE OF MICHIGAN, *ET. AL.*,

    Defendants.
_____/

Case No. 2:24-cv-11402

Brandy R. McMillion
United States District Judge

## ORDER OF SUMMARY DISMISSAL

Plaintiff Quan D. Wade brings this civil rights action against Defendants State of Michigan, Mt. Morris Police Department, Louie's Towing, Officer Blake Paulie, Officer Swanson, Officer Volway, Prosecutor Leo P. Corey, State of Michigan Police Department, and Attorney Anthony F. Lubkin alleging that his civil rights were violated after his car was towed and he was arrested in February, 2019. *See generally* ECF No. 1. His complaint claims violations of his civil rights, reckless endangerment, and negligence. *Id*. For the reasons below, this case is **SUMMARILY DISMISSED**.

I.

From what the Court can best discern, Plaintiff was involved in some type of domestic dispute and placed a call to police. Once police arrived, Officer Swanson

1

(of Mt. Morris Police Department) took a report of the incident. At some point, Plaintiff moved his car to a "safe location" and later returned to finds the vehicle towed. When he contacted the Mt. Morris Police Department, he was required to pay a "release fee" for his vehicle. Plaintiff went to Louie's Towing to retrieve his vehicle but was ultimately arrested. He hired an attorney whom he claims made his situation worse. Plaintiff also alleges that the State of Michigan Police Department and Mt. Morris Police Department conspired to create a "cover up" stating he never called police after the domestic dispute.

## II.

Pursuant to 28 U.S.C. § 1915, the Court has granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 5. The Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *See Neitzke*, 490 U.S. at 327.

Given that Wade is proceeding *pro se*, the Court must construe his pleadings liberally. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Erickson v. Pardus*,

2

551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented[.]" *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-cv-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). "Nor may the Court 'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint does not need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

To state a federal civil rights claim, a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the

3

United States by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). However, a complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013).

### III.

Plaintiff's Complaint is devoid of any factual assertions that create any claim to relief. Even construing his claims liberally, he fails to state a claim for which relief can be granted. As an initial matter, there are no facts asserted against any of the following defendants: State of Michigan, Officer Blake Paulic; Officer Volway; Prosecutor Leo P. Carey, Attorney Anthony F. Lubkin. Without any facts alleged against these defendants, the Court cannot reasonably infer that they are responsible for any alleged misconduct, and therefore they should be dismissed. *Iqbal*, 556 U.S. at 678.

**A. Civil Rights Violations**

    **1. Time Barred**

To the extent that Plaintiff raises civil rights violations, those claims would properly be brought under 42 U.S.C. §1983. Civil rights claims "are best characterized as tort actions for the recovery of damages for personal injury and . . . federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought." *Cooey v. Strickland*,

4

479 F.3d 412, 416 (6th Cir. 2007). When § 1983 claims arise in Michigan, as Plaintiffs' claims arguably do, "the appropriate statute of limitations . . . is [Michigan's] three-year limitations period for personal injury claims." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citing Mich. Comp. Laws § 600.5805). The allegations in Plaintiff's Complaint all surround an incident from February 3, 2019. Therefore, his claims would need to be filed on or before February 3, 2022. Plaintiff's Complaint was filed May 28, 2024 – over two years late – and therefore is dismissed.

### 2. Immunity

Even if the claims were not barred by the statute of limitations, the State of Michigan and Prosecutor Carey would be immune from suit. Eleventh Amendment protects states and their departments from private civil suits in federal court unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. U.S. Const. amend. XI.; *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Morgan v. Bd. Of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023). The State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, because

the State of Michigan is protected by Eleventh Amendment immunity, any claims against it are dismissed.

Additionally, "prosecutorial immunity shield[s] a prosecutor from suit under § 1983 for conduct 'initiating a prosecution and in presenting the State's case,' so long as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Rouse v. Stacy*, 478 F. App'x 945, 948 (6th Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)). Although not specifically identified, any allegations against Prosecutor Carey would be "intimately associated with the judicial phase" of the criminal process, and therefore entitle Carey to prosecutorial immunity. *Rouse*, 478 F. App'x at 948 (citation omitted); *see also Howell*, 668 F.3d at 349-51.

### 3. Failure to State a Claim

The Complaint otherwise fails to state a civil rights claim against the remaining defendants. First, § 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. County jails, sheriff departments, police departments, and other governmental agencies are not legal entities subject to suit under § 1983. *See Edwards v. Macomb Cnty. Jail*, No. 16-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other government agencies are not

legal entities amenable to suit under § 1983); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983). Therefore, Mt. Morris Police Department and State of Michigan Police Department are dismissed with prejudice because police departments are not entities subject to suit under § 1983.

Second, to the extent that Plaintiff sues Officers Swanson, Paulic, or Volway, in their official capacities, such claims must also be dismissed. A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the official represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiff alleges only that Officer Swanson took a police report; and generally, asserts that he was arrested. There are no specific allegations at all against Officers Paulic or Volway. Consequently, Plaintiff's complaint against the police officers in their official capacities is a suit against Mt. Morris Police Department and must be dismissed. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).

Third, to state a § 1983 claim against a private actor (Louie's Towing), Plaintiff would need to show that the business deprived him of a right secured by the Constitution or laws of the United States while acting under the color of state law.

7

*See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Therefore, any claim against Louie's Towing is dismissed with prejudice because there are no allegations they were acting under the color of state law.

Last, to the extent that Attorney Lubkin is the defense counsel alleged to have made the situation worse, he also should be dismissed. It is well-settled that retained and appointed attorneys functioning as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *See White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (assertion that defense counsel failed to competently represent plaintiff failed to state a claim under § 1983). Consequently, any claims against Lubkin are dismissed with prejudice because he is not a state actor subject to suit under § 1983.

## B. Reckless Endangerment and Negligence

To the extent that Plaintiff alleges common law claims for reckless endangerment or negligence under state law, those claims are also dismissed. First, Michigan does not recognize a cause of action for reckless endangerment. *See Duran v. Detroit News, Inc.*, 504 N.W.2d 715, 721 (1993). And the statute of limitations for a negligence claim in Michigan is three years. *See* Mich. Comp. Laws § 600.5805. As with the civil rights claim, the negligence claim needed to be filed on or before February 3, 2022, which it was not. Consequently, both claims are dismissed with prejudice.

## IV.

Based on the analysis above, Plaintiff fails to state any plausible cause of action against the defendants in this case. The civil rights and negligence claims are time barred. Even if they were not, there are no facts that support a claim for relief and several of the defendants are subject to immunity from suit. Additionally, there is no cause of action for reckless endangerment in Michigan. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: September 11, 2024  
    Detroit, Michigan

s/Brandy R. McMillion  
BRANDY R. MCMILLION  
United States District Judge